UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00135-JHM

COMMERCIAL WAREHOUSE
LEASING, LLC                                                                         PLAINTIFF

V.

GREG THOMAS, in both his official capacity
as Secretary of the Kentucky Transportation Cabinet
and in his individual capacity                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss. [DN 11]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion is **DENIED**.

### I.  BACKGROUND

According to the Complaint, Plaintiff Commercial Warehouse Leasing, LLC ("CWL") owns and operates an industrial storage facility located on the northwest side of the "T" intersection where U.S. 41A and Tucker Schoolhouse Road meet in Madisonville, Kentucky. [DN 1 ¶ 7]. CWL leases its warehouse space to local manufacturers who store goods at the facility until the goods are ready to be shipped via the Interstate System. [*Id.* ¶ 18–19]. The goods are delivered to CWL's facility by tractor-trailers which enter and exit the facility via an express, recorded easement benefitting CWL. [*Id.*].

In 2012, the Kentucky Transportation Cabinet ("KYTC") entered Official Order 107579 (the "Order"), which called for the expansion of U.S. 41A into a partially controlled access highway. [DN 1 ¶ 31–32; DN 11-2]. The final design plans for the project were not completed until later. [DN 12 at 4]. By law, the expansion means that entrances onto the highway must be

located at least 600 feet apart from one another. [DN 1 ¶ 31]. In June 2016, Cory Underwood, a KYTC acquisition agent, contacted CWL for the first time about purchasing a portion of its property for the expansion. [DN 12-3]. During the first meeting with Mr. Underwood, he provided CWL with the final plans for the project and informed CWL that its access point via the express easement would be removed by the expansion. [*Id.* at 3]. CWL raised concerns with Mr. Underwood about access to its facility under these plans. [*Id.* at 5].

Thereafter, KYTC filed a condemnation action against portions of CWL's property in Hopkins County Circuit Court, Kentucky. *See Commonwealth, Transp. Cabinet, Dep't of Highways v. Commercial Warehouse Leasing, LLC*, 17-CI-00609 (Hopkins Cty. Cir. Ct. 2017). The next year, in April 2018, CWL filed a lawsuit in this Court against KYTC to enforce CWL's alleged right to continued, reasonable access pursuant to the Surface Transportation Assistance Act ("STAA"). [DN 12 at 5]. The case was dismissed on jurisdictional grounds, holding that the suit was barred by the Eleventh Amendment. *Commercial Warehouse Leasing, LLC v. Ky. Transp. Cabinet*, 2018 U.S. Dist. LEXIS 132560 (W.D. Ky. Aug. 7, 2018) (slip opinion). This Court stated that "CWL must refile the action so that subject matter jurisdiction exists at the commencement of the suit . . . ." *Id.* CWL then filed the instant action against Greg Thomas, in both his official capacity as Secretary of the Kentucky Transportation Cabinet and in his individual capacity. [DN 1 ¶ 3]. CWL seeks numerous declarations of rights under the STAA (Counts I–IV) and injunctive relief prohibiting Thomas from implementing the order and discontinuing CWL's access to U.S. 41A (Count V). [*Id.* ¶¶ 54–106].

Thomas filed this Motion to Dismiss arguing that CWL's Complaint should be dismissed for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim. [DN 11 at 1]. Specifically, in terms of lack of subject matter jurisdiction, Thomas argues that CWL suffered

no injury in fact, failed to exhaust available administrative remedies, and sued the incorrect defendant. [DN 11-1 at 9–10]. In the alternative, Thomas asks the Court to dismiss the Complaint for its failure to state a claim—based on the federal cause of action not authorizing private party lawsuits and the expiration of the limitations period. [*Id.* at 13–15]. CWL responded and addressed first Thomas' Motion regarding subject matter jurisdiction. CWL reasons that Thomas' basis for arguing it lacks injury is faulty, as CWL is not challenging the weight restrictions on Tucker Schoolhouse Road and is instead challenging the Order's illegal implementation. [DN 12 at 12–13]. CWL then argues that it was not required to exhaust administrative remedies due to irreparable injury and that Thomas is the correct state official to sue as he is the individual with authority over the Order. [*Id.* at 14–19]. Next, CWL addresses each of Thomas' arguments regarding lack of subject matter jurisdiction—first, responding that precedent suggests the STAA does allow private party lawsuits, and second, that the suit is not barred by the applicable limitations period. [*Id.* at 19–24]. Finally, Thomas filed his Reply in which he addresses several points raised in the Response and further expounds on the issue of CWL's alleged injury. In particular, Thomas claims that CWL changed its argument in response to the Motion to Dismiss but that the new claim still fails to constitute the requisite injury. [*See generally* DN 13].

## II. STANDARD OF REVIEW

Two standards of review are pertinent here. The Motion is based on lack of subject matter jurisdiction and the failure of CWL to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the

plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

As correctly noted by CWL, a suit against Thomas would normally be barred pursuant to the Eleventh Amendment. However, pursuant to *Ex parte Young*, a state official who threatens and is about to commence proceedings "to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." 209 U.S. 123, 156 (1908). The Eleventh Amendment does not bar such a suit. The Supreme Court more recently expounded on this exception to sovereign immunity:

> because an unconstitutional legislative enactment is "void," a state official who enforces that law "comes into conflict with the superior authority of [the] Constitution," and therefore is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The

State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

*Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (quoting *Ex parte Young*, 209 U.S. at 159–60). The doctrine of *Ex parte Young* "is accepted as necessary to 'permit the federal courts to vindicate federal rights.'" *Id.* at 248 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984)).

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon M.D., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in judgment)). If the suit seeks only prospective relief, not attempting to redress past harms or seeking monetary damages, the Eleventh Amendment will not serve as a bar to the suit. *Id.* at 645–46. Here, CWL seeks declaratory and injunctive relief. The requests for relief—declarations of rights under the STAA and that Thomas, a state official, be restrained from enforcing an order in contravention of controlling federal law—satisfy the "straightforward inquiry." What is left to determine is: (1) whether this Court in fact has subject matter jurisdiction pursuant to Rule 12(b)(1) and (2) whether CWL failed to state a claim under the Rule 12(b)(6) standard.

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The Court will address Thomas' arguments regarding lack of subject matter jurisdiction first. Specifically, Thomas avers that CWL has not suffered the requisite injury in fact to warrant the *Ex parte Young* exception to Eleventh Amendment immunity, that CWL failed to exhaust

administrative remedies and thus cannot sue under *Ex parte Young*, and finally that CWL sued the wrong defendant.

   1. **Injury in Fact**

First, Thomas argues that CWL cannot take advantage of the *Ex parte Young* exception to Eleventh Amendment immunity because it has not suffered an injury in fact. [DN 11-1 at 10]. Thomas reasons that Kentucky has a built-in exception for STAA vehicles traveling on Class "A" highways, such as Tucker Schoolhouse Road. The vehicles covered under the exception are those commercial motor vehicles carrying freight exceeding the maximum allowable gross weight of 44,000 pounds. *See* 603 Ky. Admin. Regs. 5:066, § 1(c). The exception provides that such vehicles are "automatically permitted fifteen miles from an interstate exit to attain reasonable access to a terminal facility[,]" and as such, the weight restriction on Tucker Schoolhouse Road does not prohibit CWL from utilizing it. [DN 11-1 at 10]; *see* 603 Ky. Admin. Regs. 5:070, § 5(2). Thomas explains that because CWL has access via Tucker Schoolhouse Road, "there is no loss of access and CWL has not alleged an injury in fact for a STAA violation." [DN 11-1 at 11]. CWL responds claiming that Thomas' argument rests upon the incorrect assertion that CWL has access to Tucker Schoolhouse Road suitable for use by tractor-trailers to reach the terminal facility. In his Reply, Thomas claims that CWL attempts to contort what is provided for in the STAA. Specifically, that CWL is not entitled to particularized access to accommodate the internal arrangement of its property but instead is only entitled to reasonable access. [DN 13 2–6].

Thomas challenges CWL's standing to sue under Art. III of the Constitution. Whether CWL has constitutional standing is a question of law. *United States v. Bridwell's Grocery & Video*, 195 F.3d 819, 821 (6th Cir. 1999). "Standing as a constitutional and common law doctrine

6

should not be used as an easy substitute for a decision on the merits or, as is so often the case, a way to manipulate and dismiss a case because of the weakness of the underlying cause of action." *Id.* Both parties attempt to do just that—advance the Court's assessment of the merits of the Complaint by taking turns arguing the reasonableness or unreasonableness of access and restrictions on access. However, both parties miss the mark. The inquiry at this initial stage is instead one of justiciability.

"[W]hile a claim for an injunction can be maintained against a state official acting in his or her official capacity, a plaintiff must have standing to advance such a claim." *Campbell v. Univ. of Louisville*, 862 F. Supp. 2d 578, 584 (W.D. Ky. 2012) (internal citations omitted). To establish standing, a plaintiff has the burden of proving that he or she has suffered "injury in fact," among other things. *Id.* Particularly relevant, in cases dealing with declaratory and injunctive relief, "a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001). Practically, "[f]or purposes of ruling on a motion to dismiss for want of standing," district courts "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Pursuant to the above standard, CWL pleaded the requisite injury for this Court to have subject matter jurisdiction. CWL pleaded, and Thomas essentially concedes, the existence of injury in fact. CWL explains that if the Order is implemented with the current design plans, it will suffer the injury of losing its principal means of ingress and egress for tractor-trailers depositing manufactured goods at its warehouse facility. [DN 1 ¶ 24]. CWL further states that the alternative access route via Tucker Schoolhouse Road is not currently suitable for use by

tractor-trailers. [*Id.* ¶¶ 23, 26]. As a result, CWL claims it "will no longer be able to operate its terminal and industrial storage business." [*Id.* ¶ 102]. A "significant possibility of future harm" exists by way of the finalized design plans for the expansion of U.S. 41A, the contact by KYTC's acquisition agent, Mr. Underwood, and KYTC's initiation, at Thomas' behest, of condemnation proceedings against portions of CWL's property. [*Id.* ¶¶ 33–34, 38, 49]. In his reply, Thomas essentially concedes the existence of an injury. He states that CWL is only entitled to an access point under the STAA, and as such, CWL can reconfigure its property to support a changed access point. [DN 13 at 5–6]. But even that—requiring CWL to rearrange its facility to support the change—constitutes an injury. Such a rearrangement would be a financial commitment by CWL, among other things. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 437 (6th Cir. 2008) (finding financial injuries sufficient to meet the actual injury requirement). Because the Court accepts all material allegations in CWL's Complaint, the Court is persuaded at this stage that CWL pleaded a sufficient injury in fact. Thomas' Motion to Dismiss for lack of subject matter jurisdiction on this basis is **DENIED**.

    2. **Administrative Remedies**

Next, Thomas argues that CWL failed to exhaust administrative remedies and thus cannot rely on *Ex parte Young* to relieve it from Eleventh Amendment immunity. [DN 11-1 at 11–12]. CWL responds that it was not required to exhaust its administrative remedies due to the irreparable harm that would ensue from the condemnation of its easement, and that any attempt to exhaust administrative remedies would have been futile. [DN 12 at 14–16]. Because Thomas attacks the pleading itself, this is a facial challenge and as such the Court accepts as true CWL's pleadings. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

8

"Although exhaustion of administrative remedies is typically required as a condition for judicial review, the requirement is not absolute." *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092–93 (6th Cir. 1981). One exception to the exhaustion requirement is in circumstances "where irreparable injury will result unless immediate judicial review is permitted . . . ." *Id.* at 1093 (citing *Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978)). Accepting as true CWL's pleadings, the deprivation of access which would result from the implementation of the current design plans would result in irreparable injury to CWL. Thomas contends that CWL failed to explain how or why the injury would be irreparable. [DN 13 at 7]. However, CWL explains just that both in its Complaint as well as in its Response to the Motion to Dismiss. Specifically, CWL explains that "CWL would, for all practical purposes, cease to exist without the continuation of its vested STAA access, constitut[ing] irreparable injury . . . ." [DN 12 at 16; DN 1 ¶ 102]. Further, CWL reasons that this action is immediately necessary because "Thomas has moved to implement Official Order 107579 by instituting a condemnation action against CWL in Hopkins Circuit Court." [DN 1 ¶ 97; DN 11-1 at 3]. For that reason, CWL's failure to exhaust administrative remedies is not fatal. Thomas' Motion to Dismiss for lack of subject matter jurisdiction on this basis is **DENIED**.

### 3. Incorrect Defendant

As his final basis for moving to dismiss for want of subject matter jurisdiction, Thomas argues that CWL targeted the wrong defendant. [DN 11-1 at 12–13]. Thomas claims that "when a plaintiff brings a pre-enforcement challenge, the causation element of standing requires the named defendant to possess authority to enforce the complained-of provision. *See Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017)." [*Id.* at 12]. Thomas claims that because he is not responsible for enforcing vehicle weight restrictions, CWL does not satisfy that element of the

9

standing requirement. [*Id.*]. CWL responds that it is suing to prevent the enforcement and construction of design plans for the expansion of U.S. 41A, not to prevent enforcement of weight restrictions on Tucker Schoolhouse Road. [DN 12 at 17]. Because Thomas is the state officer tasked with "overseeing highway design, development, and construction" in Kentucky, CWL sued the correct individual. [*Id.* at 18]. Thomas filed a Reply brief but failed to address CWL's Response as to this argument.

Both CWL and Thomas correctly note that "*Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015) (internal quotation marks omitted) (quoting *Children's Healthcare is a Legal Duty v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996)). CWL's Complaint, Count V more specifically, clearly requests an injunction prohibiting Thomas from implementing the Order. [DN 1 ¶ 106]. The Complaint does not seek injunctive relief to prevent enforcement of weight restrictions, as argued by Thomas. [DN 11-1 at 13]. Thomas is the Cabinet Secretary for KYTC. Because that agency is tasked with building and maintaining federal and state highways, Thomas is the official who implements and enforces highway design plans. Thomas' Motion to Dismiss for lack of subject matter jurisdiction for want of standing is **DENIED**.

### B. Motion to Dismiss for Failure to State a Claim

In the alternative, Thomas argues that this Court should dismiss CWL's action for failure to state a claim on two bases—the STAA does not authorize private party lawsuits and the applicable statute of limitation expired prior to the filing of this action. The Court will address each of these arguments in turn.

#### 1. Private Party Lawsuits

First, Thomas asserts that the STAA "does not contain any provision specifically authorizing private party lawsuits directly against States or against state officials." [DN 11-1 at 13]. Consequently, there is no provision authorizing CWL's private action and its case should be dismissed for failure to state a claim. [DN 11-1 at 13–14]. CWL responds that its Complaint is premised on federal preemption—specifically, requesting this Court to determine whether the STAA preempts the Order—and thus presents a federal question warranting jurisdiction under 28 U.S.C. § 1331. [DN 12 at 19]. Despite Thomas' crafty argument and attempts to distinguish cases cited by CWL, the weight of the case law favors CWL.

CWL directs the Court's attention to a Magistrate Judge's Report and Recommendation from the District of New Hampshire. *See Hanscom's Truck Stop v. City of Portsmouth*, 1998 U.S. Dist. LEXIS 18059 (D.N.H. 1998). Although Thomas is correct that the opinion is not binding on this Court, the language regarding a private party's standing to sue under the STAA is instructive. That Magistrate Judge concluded that "[t]he absence of an express private right of action under 49 U.S.C. § 31114 does not preclude [the private plaintiff's] claim." *Id.* at 8. The judge stated that because the asserted claim arose under the Supremacy Clause, as does CWL's claim, "the absence of an express right of action does not bar the pre-emption claim." *Id.* at 9. This language along with the existence of case law, including a case in the Sixth Circuit, in which private plaintiffs sued to enforce the reasonable access provision of the STAA persuades this Court that a private right of action exists under this statute. *See Mason & Dixon Lines, Inc. v. Steudle*, 761 F. Supp. 2d 611 (E.D. Mich. 2011), *aff'd Mason & Dixon Lines, Inc. v. Steudle*, 683 F.3d 289 (6th Cir. 2012); *Aux Sable Liquid Prods. v. Murphy*, 526 F.3d 1028 (7th Cir. 2008). As such, Thomas' Motion to Dismiss for failure to state a claim as to this argument is **DENIED**.

2. **Statute of Limitations**

As Thomas' final basis for dismissal he asserts that CWL's Complaint fails because the statute of limitations expired on any STAA claim CWL could assert. Specifically, Thomas argues that because the STAA does not contain a specific statute of limitations, it is "governed by the four-year 'catch-all' federal statute of limitations in 28 USC 1658(a) which deals with acts of Congress enacted after December 1, 1990, where no other statute of limitations is mentioned." [DN 11-1 at 14]. Because the Order at issue in CWL's Complaint was entered in 2012, more than four years before CWL filed any federal action, Thomas contends that the statute of limitations expired years prior to the filing of any action. [*Id.* at 15]. CWL responds that the statute at issue was originally enacted in 1983, that there have been no substantive changes to the law since, and as such, the statute cited by Thomas is inapplicable. Instead, CWL asserts that this Court should borrow the most analogous state statute of limitations. [DN 12 at 21]. CWL further contends that even if the four-year catch all provision did apply, "CWL's cause of action did not accrue until Defendant Thomas began taking concrete steps to implement Official Order 107579 in 2016." [*Id.* at 22].

As a preliminary matter, it is necessary to determine which statute of limitations applies. CWL correctly points out that the amendment creating 49 U.S.C. § 31114 simply reorganized and updated language of a previously existing provision with the same import. *Compare* Pub. L. No. 94-424 (Jan. 6, 1983) *with* 49 U.S.C. § 31114(a). As *Jones v. R.R. Donnelley & Sons Co.* explained, § 1658 applies to newly enacted statutes as well as to amendments to existing statutes which "creat[e] . . . new rights of action and corresponding liabilities . . . ." 541 U.S. 369, 381 (2004). Because CWL's cause of action was possible under the STAA as originally enacted and because the amendment did not make substantive changes nor create new rights, CWL's claim is not subject to the four-year statute of limitations under 28 U.S.C. § 1658(a).

12

Because § 1658(a) does not apply, it is necessary for this Court to borrow the most analogous state statute of limitations and determine whether the limitations period expired prior to the filing of this lawsuit. Thomas contends in his Reply that the most closely related state statute of limitations is KRS 413.120(2), which sets forth a five-year statute of limitations for actions upon a liability created by statute, when no other time is fixed by the statute creating the liability—a similar catch-all provision to § 1658. [DN 13 at 11]. CWL asserts that the most analogous statute of limitations can be found in KRS 413.010, a statute which creates a limitations period of fifteen-years for actions to recover real property. [DN 12 at 23]. Regardless of which offered statute of limitations is applicable in the instant case, the period was not expired at the filing of this action because CWL's cause of action did not accrue until 2016.

"A 'statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Edwards v. U.S., Dep't of Energy*, 371 F. Supp. 2d 859, 868 (W.D. Ky. May 16, 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* (internal quotations omitted). "In deciding when a statute of limitations should begin to run, courts inquire as 'to what event should have alerted the typical lay person to protect his or her rights.'" *Id.* (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)). CWL argues that it does not take issue with the widening of U.S. 41A itself but rather the final implementation plan. [DN 12 at 24]. Specifically, CWL asserts that it did not become aware of any potential injury it would suffer until an acquisition agent related to the project contacted CWL about purchasing its property for the expansion and presented the final right of way plans. [*Id.*]. Accepting as true CWL's claim that June of 2016 was the first time it learned of the potential injury caused by the implementation of

the Order, neither the five-year nor the fifteen-year statute of limitations periods proposed by Thomas and CWL were expired at the filing of this action. As such, Thomas' Motion to Dismiss for failure to state a claim as to this argument is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [DN 11] is **DENIED.**

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

January 14, 2019

cc: counsel of record